Donna Nier, Appellant, v Prudential Lines, Inc., Respondent, et al., Defendants.

First Department, April 22, 1986

262

## APPEARANCES OF COUNSEL

*David A. Townsend* of counsel *(Vincent, Berg, Russo & Marcigliano,* attorneys), for appellant.

*William J. Blumenschein* for respondent.

### OPINION OF THE COURT

KUPFERMAN, J.

The plaintiff-appellant was a Kings Point Merchant Marine Academy cadet and was employed aboard the defendant-respondent's vessel the *S.S. Lash Atlantico,* from September 29 through November 21, 1981. She was not paid for the period November 11 to November 21, the date of her discharge, and the wages for these 11 days would total $153.78, at a daily rate of $13.98.

46 USC § 10313 (formerly § 596), provides as follows:

"(f) At the end of a voyage, the master shall pay each seaman the balance of wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman is discharged, whichever is earlier. When a seaman is discharged and final payment of wages is delayed for the period permitted by this subsection, the seaman is entitled at the time of discharge to one-third of the wages due the seaman.

"(g) When payment is not made as provided under subsection (f) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed."

In accordance therewith, the plaintiff sues for $27.96 per day (twice the daily wages) from November 21, 1981 to date of payment.

The defense is that there was, in accordance with subdivision (g) aforesaid, "sufficient cause" for the delay in payment. *(See, Griffin v Oceanic Contrs.,* 458 US 564, 570 [1982], interpreting the predecessor statute, § 596.)

On October 12, while at sea, the plaintiff was sexually assaulted by her supervisor, although she did not report the assault until November 18 because she "didn't want the other men to know about it." As a result, the supervisor was discharged, and the plaintiff was ordered transferred to another vessel. She refused the transfer, and the master of the

vessel separated her from the vessel at Sunnypoint, North Carolina.

It is the defendant's contention that because the plaintiff refused to sign a mutual release and a Coast Guard's certificate of discharge, there was good cause not to pay the wages due. The plaintiff moved for partial summary judgment on her fifth cause of action, pursuant to the statute, but the court, at Special Term, denied the motion, finding a factual issue as to "sufficient cause". We reverse and grant partial summary judgment to the plaintiff.

In *Nelson v Moore-McCormack Lines* (297 F2d 936 [2d Cir 1962], *cert denied* 369 US 873), it was held that a shipowner was justified in refusing to pay where the seaman would not sign a mutual release after being advised that the right to contest discharge could be reserved by signing "under protest". To the extent that such opinion is relevant, we do not follow it. Moreover, there is no contention that the plaintiff was offered this option. *(Cf. Prindes v S.S. African Pilgrim,* 266 F2d 125, 128 [4th Cir 1959].)

The facts being undisputed, the only issue we have is one of law. In *Arguelles v U.S. Bulk Carriers* (408 F2d 1065 [4th Cir 1969], *affd on other grounds* 400 US 351), it was determined that a union grievance procedure would not supplant the language of the statute.

While a seaman is required to sign shipping articles, the payment required to be made is not conditioned upon such signature. Further, the master of the vessel did not sign the certificate of discharge. (46 USC § 10312 [a].)

Accordingly, the order of the Supreme Court, New York County (William P. McCooe, J.), entered September 10, 1985, which denied plaintiff-appellant's motion for partial summary judgment on the fifth cause of action, should be reversed, on the law, and the motion for summary judgment on the fifth cause of action should be granted, with costs.

MURPHY, P. J., ROSS, MILONAS and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on September 10, 1985, unanimously reversed, on the law, and the motion for summary judgment on the fifth cause of action is granted. Appellant shall recover of respondent $75 costs and disbursements of this appeal.